IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0773-WJM-SKC

EMILY COHEN,

    Plaintiff,

v.

ANDREW HARTMAN, in his official capacity, and
ANNE KELLY, in her official capacity,

    Defendants.

---

## ORDER DENYING PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTIVE RELIEF

---

Before the Court are: (1) *pro se* Plaintiff Emily Cohen's Verified Emergency Motion for Temporary Restraining Order ("TRO"), and Preliminary Injunction ("PI"), and Permanent Injunctive Relief ("Motion"), filed on August 22, 2023[1] (ECF No. 53); and (2) Plaintiff's Supplemental Exhibits to Plaintiff's Verified Emergency Motion, which the Court construes as a motion to supplement the Motion ("Motion to Supplement") (ECF No. 54). Plaintiff proceeds *pro se*; thus, the Court liberally construes her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Defendants have not yet responded, but the Court will resolve the Motion and the Motion to Supplement nonetheless.

---

[1] Plaintiff failed to comply with WJM Revised Practice Standard ("RPS") III.A.4 which provides: "If parties file what they deem to be an 'emergency' motion, they must call Chambers or e-mail martinez_chambers@cod.uscourts.gov at the time the motion is filed." Although Plaintiff is proceeding *pro se*, the Court nonetheless expects her to comply with all of the Court's RPSs, Local Rules, and other applicable rules of litigation.

## I. LEGAL STANDARD

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  It is sometimes issued when the opposing party has actual notice of the motion.  *See* 11A Charles Alan Wright *et al.*, Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued with or without notice to the adverse party").  However, given the need for a harm so urgent and irreparable that a decision must be made before a hearing can be held, the primary purpose of the TRO is to grant short-term *ex parte* relief.  *See* Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal.  *See Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010).  A movant must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and (4) that the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).  Among the preliminary injunction elements, "a showing of probable irreparable harm is the single most important prerequisite."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted).

Moreover, the Tenth Circuit endorses a heightened standard for "[d]isfavored preliminary injunctions," which do not

> merely preserve the parties' relative positions pending trial. Instead, a disfavored injunction may exhibit any of three

2

> characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win. To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: []he must make a strong showing that these tilt in [his] favor.

*Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citations and internal quotation marks omitted).

## II. ANALYSIS

In the Motion, Plaintiff seeks a TRO, a PI, and permanent injunctive relief. Critically, however, Plaintiff does not clearly state what relief she seeks. In her Prayer for Relief, Plaintiff requests

> that Defendants and all persons acting on their behalf be enjoined from their actions against Plaintiff pending entry by this Court of a final judgment in this action, or in the alternative until this Court has fully adjudicated this motion, including having any hearings on this motion and allowing Plaintiff to continue to supplement the Exhibits in this motion so this Court may even more proof of how Defendants have violated, are violating, and plan to violate her Constitutional rights in the state courts to the point of causing injury that will lead to death.

(ECF No. 53 at 12.) Her request notably lacks any specificity concerning what actions Defendants have taken that she wants the Court to enjoin on a temporary, preliminary, or permanent basis.

Having read the Motion in its entirety, the Court observes that it is a rambling, histrionic litany of paragraphs that jump from topic to topic, rendering the Court unable to understand what relief Plaintiff seeks. For example, Plaintiff complains, among other things, that she is subject to "increasingly violent deprivations of her Constitutional rights in the state court by the successor Defendants in this case" (*id.* at 1); Defendants have

3

denied "entry of her service dog to the Boulder District Court courthouse, where they continue to prosecute her for various expanding felony charges" (*id.* at 3); "[a]bsent an injunction, Plaintiff will be unable to access the state courts, access her right to counsel, and access other Constitutional rights" (*id.* at 8); an "injunction would prevent these Defendants from commandeering other agencies like they have done repeatedly in this case" (*id.* at 9); and "successor Defendants have ruled barring Plaintiff's Constitutional rights, have issued orders threatening to harm her, have now set a hearing for today to do that harm, and are now lying in wait for her" (*id.* at 10).

She also informs the Court that successor official-capacity Defendants have been named in this case, though the Court notes that no notice of substitution has been entered on the docket in this action. (*Id.* at 1.)  It is also possible—though by no means clear—that Plaintiff is asking the Court to enjoin a hearing set in the Boulder District Court via WebEx in a "private courtroom." (*Id.* at 8.)  To the extent Plaintiff asks the Court to enjoin the state court proceeding, the Court observes that "federal courts are subject to the Anti-Injunction Act," which provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, 148 F. Supp. 3d 1169, 1181–82 (D. Colo. 2015) (quoting 28 U.S.C. § 2283).  Here, the Court relies on "the Supreme Court's admonition that '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Id.* (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398

4

U.S. 281, 297 (1970)).  In light of the fact that the Court is at a loss as to what relief Plaintiff seeks under Rule 65, the undersigned will err on the side of allowing the state court hearing to proceed.  Additionally, the Motion to Supplement, with its 85 pages of undifferentiated exhibits, provides no further insight into what relief Plaintiffs seeks. (*See* ECF No. 54.)

Thus, given the lack of clarity concerning what specific actions of Defendant Plaintiff wishes the Court to enjoin, the Court cannot conclude that Plaintiff will suffer any irreparable injury[2] absent such relief, and accordingly, cannot grant any relief under Rule 65.  *Cf. Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1160 (10th Cir. 2007) (pleading fell far short of what is required under even a liberal construction of Federal Rule of Civil Procedure 8, which requires that each averment of a pleading shall be simple, concise, and direct).

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion (ECF No. 53) and Plaintiff's Motion to Supplement (ECF No. 54) are DENIED WITHOUT PREJUDICE.

---

[2] In connection with her irreparable injury argument, Plaintiff states that if she "is denied her right to access the court and access counsel, she will be locked up again and she will die.  She has been subjected to this multiple times already, and she almost died.  This time, she would die.  Death is irreparable."  (ECF No. 53 at 9.)  Plaintiff does not truly clarify these dramatic, conclusory statements.

Dated this 23rd day of August, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge