IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0773-WJM-SKC

EMILY COHEN,

    Plaintiff,

v.

ANDREW HARTMAN, in his official capacity, and
ANNE KELLY, in her official capacity,

    Defendants.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART THE JULY 31, 2023 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the July 31, 2023 Recommendation by U.S. Magistrate Judge S. Kato Crews (the "Recommendation") (ECF No. 49) that the Court: grant in part and deny in part Defendant Andrew Hartman's Motion to Dismiss; deny Defendant Anne Kelly's Motion to Dismiss; deny Hartman's Motion for Leave to Supplement Motion to Dismiss; deny Hartman's Supplemental Motion to Dismiss; and direct pro se Plaintiff Emily Cohen to file an amended complaint.  (ECF No. 49 at 11.) The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff filed a Response to Recommendations, which for the sake of this Order, the Court construes as Objections to the Recommendation ("Plaintiff's Objections"). (ECF No. 50.)  Defendant Kelly filed Objections to the Recommendation ("Kelly Objections").  (ECF No. 51.)  Plaintiff filed a Reply to Defendant Kelly's Objection to the

Recommendation. (ECF No. 52.) Defendant Hartman did not file any objections to the Recommendation.

For the reasons set forth below, Plaintiff's Objections are overruled, Defendant Kelly's Objections are sustained in part and overruled in part, and the Recommendation is adopted in part and rejected in part as stated herein.

## I. RECOMMENDATION

In the Recommendation, the Magistrate Judge explains that the "Complaint is the beginning of one of many lawsuits involving the Plaintiff and her disputes, generally, with various Colorado government actors." (ECF No. 49 at 3.) Plaintiff was an attorney who was disbarred on January 11, 2016 by the Colorado Supreme Court following her criminal conviction for theft. (*Id.* at 3–4 (citing *People v. Cohen*, 369 P.3d 289 (Colo. O.P.D.J. 2016); *People v. Cohen*, 440 P.3d 1259 (Colo. App. 2019)).) However, the Colorado Court of Appeals reversed her conviction and remanded for a new trial, and the Colorado district court apparently proceeded to prepare to hold a new trial. (*Id.* at 4.)

The Recommendation states that the matter now before the Court "appears to arise from these later criminal proceedings, but that fact is unclear." (*Id.*) During this time, Plaintiff has also filed two other civil actions in this District that appear to relate to her state criminal and/or her professional disciplinary cases. *See Cohen v. Colorado*, 21-cv-01782-LTB-GPG;[1] *Cohen v. Roth Law LLC*, 21-cv-01568-RMR-SBP.[2]

---

[1] On December 7, 2021, Senior United States District Judge Lewis T. Babcock dismissed this action without prejudice based on the *Rooker-Feldman* doctrine and, alternatively, for failure to comply with Rule 8. (ECF Nos. 16, 17.)

[2] On September 13, 2023, United States District Judge Regina M. Rodriguez dismissed this action with prejudice. (ECF Nos. 75, 76.) Plaintiff appealed the same day, and that appeal

The Magistrate Judge states that although the Court "can perceive certain themes from the Complaint, the Court cannot understand the Complaint's allegations and the story of liability they attempt to tell." (ECF No. 49 at 6.)  Additionally, the Magistrate Judge observes that "discerning the factual allegations from the Complaint is difficult," as the "Complaint is 49 pages of largely single-spaced text" and "contains 349 numbered paragraphs containing purported 'factual allegations,' many of which instead contain legal argument and legal authority." (*Id.*)  Further, he emphasizes that "many of the 'factual allegations' are conclusory, inappropriate for a complaint, or are legal argument better suited to motions." (*Id.* (citing ECF No. 1 at ¶¶ 64–70, 72–74 (these paragraphs are merely a sampling of inappropriate "factual allegations")).)

The Recommendation recounts some factual allegations concerning Plaintiff's medical history, including allegations concerning depression, anxiety, an auditory processing disorder, difficulty sleeping and concentrating when awake, panic, and major, permanent neurocognitive deficits which substantially limit her daily activities. (*Id.* at 6–7.)  The Magistrate Judge explains that despite Plaintiff's averments of her claimed disabilities, her factual allegations are lost in the 49-page Complaint and are "drowned out by the plethora of legal argument and other conclusory statements throughout." (*Id.* at 7.)  Importantly, the Magistrate Judge observes that it is "unclear for which of these disabilities Plaintiff claims she should have received accommodations under the ADA." (*Id.*)

Additionally, the Magistrate Judge states that in the Complaint, Plaintiff makes several allegations concerning Defendants' statements, but she fails to sufficiently

---

is pending before the Tenth Circuit.  (ECF Nos. 77–80.)

allege any temporal context. (*Id.* at 7–8.)  Plaintiff's allegations concerning Defendants' actions are "too general or conclusory" for the Magistrate Judge to discern whether she has stated a claim.  (*Id.* at 8.)  The Recommendation includes suggestions for Plaintiff if she chooses to amend her Complaint, including "draft[ing] her amended complaint without any legal argument," making "allegations of fact (not conclusory statements)," and most importantly, clarifying for the Court and Defendants what each Defendant did, how their actions harmed her, and what specific right she believes was violated.  (*Id.* at 10.)

In the Recommendation, the Magistrate Judge clarifies that Defendants, too, recognize the Rule 8 issues in their various motions.  (*Id.* at 9.)  In addition to identifying the Rule 8 concerns, Defendant Hartman and Defendant Kelly moved for dismissal based on Rule 12(b)(1) resulting from Eleventh Amendment immunity and Rule 12(b)(6).  (*Id.*)  The Magistrate Judge deferred addressing the Eleventh Amendment immunity arguments because determining whether immunity is proper requires the Court to analyze whether Plaintiff has stated an ADA claim.  (*Id.* at 9 n.5.)  Similarly, Defendant Kelly moved for dismissal based on Rule 12(b)(1) stemming from application of the *Rooker-Feldman* doctrine.  (*Id.*)  However, the Magistrate Judge determined that the *Rooker-Feldman* doctrine "is inapplicable at this juncture of the litigation" because "the underlying state court action is not yet final." (*Id.*)

In a footnote, the Magistrate Judge observed that Defendants' factual backgrounds provided in their motions were helpful but "still left the Court searching for an understanding of what has occurred." (*Id.* at 10.)  Specifically, Plaintiff's opening brief prepared by counsel in her current state court criminal appeal made clear to the

4

Court that her position is that at the November 2, 2021 hearing at which the state district court issued a bench warrant for her failure to appear, Plaintiff had indeed participated in the hearing for approximately one hour by WebEx, albeit in contravention of the court's apparent order to appear in person.  (*Id.* at 10 n.7 (citing ECF No. 43, Ex. 1 at 37).)  The Magistrate Judge stated that "Defendants' briefing . . . obfuscates the fact that Plaintiff attended that hearing and made arguments in a hearing, not just in person as previously ordered.  The obfuscation is troubling and raises concerns over Defendants' candor to this Court."  (*Id.* at 10–11 n.7 (citations omitted).)

Ultimately, the Magistrate Judge recommended permitting Plaintiff to file an amended complaint, consistent with Rule 8, and otherwise denying Defendants' motions.  (*Id.* at 11.)

## II. LEGAL STANDARDS

### A.   Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a

5

magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Rule 12**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The party moving for a more definite statement "must point out the

6

defects complained of and the details desired." *Id*.  Motions under this rule are proper "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question."  Fed. R. Civ. P. 12(e) advisory committee's note (1946 amend.).  Requiring a more definite statement is also appropriate when addressing unintelligible or confusing pleadings.  *May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019).  However, a motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, "the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."  *Emp'rs Mut. Cas. Co. v. Downey Excavation, Inc.*, 2011 WL 1335839, at *1 (D. Colo. Apr. 7, 2011) (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)).

The decision whether to grant or deny a motion under Rule 12(e), however, is within the sound discretion of the court.  *Graham v. Prudential Home Mortg. Co., Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999).  And ultimately, courts have authority to order a more definite statement *sua sponte*.  *Fleites v. MindGeek S.A.R.L.*, 617 F. Supp. 3d 1146, 1167 (C.D. Cal. 2022) (citing *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014) ("[N]othing should stop District Courts from demanding, on their own initiative, that the parties replead the case.")); *see also Pinson v. U.S. Dept. of Justice*, 975 F. Supp. 2d 20, 27–28 (D.D.C. 2013).

### III. ANALYSIS

**A.    Plaintiff's Response to the Recommendation**

The Court has reviewed Plaintiff's Objections.  (ECF No. 50.)  She states that she "is grateful for the directions in the Recommendations, and she would be glad to

follow the instructions to file an Amended Complaint if the Recommendations are ordered." (*Id.* at 1.)  Further, she states that she "would also gladly state any additional facts the Court would direct her to state, in either instance." (*Id.*)  However, she states that "[i]t is confusing to Plaintiff that the Court seems to be ordering her to write as if she were not disabled.  She can't. . . . Plaintiff cannot just will herself to not be disabled, so the Court's ordering her to write as if she were not disabled is difficult to understand." (*Id.* at 3.)  Later, she writes that "[t]o the extent accommodations for Plaintiff's communication disability are available in this Court pursuant to the Judicial Conference policy, Plaintiff hereby respectfully requests them.  Plaintiff does not know, and physically cannot know, what a 'short and plain statement' looks like to an abled (or ableist) brain." (*Id.*)  The remainder of Plaintiff's Response is an apparent attempt to explain her claims in response to the Recommendation.  (*Id.* at 3–9.)

Upon review of Plaintiff's Objections, the Court can discern no specific objections to the Recommendation.  Having reviewed the Recommendation, the Court finds no clear error.  *See Summers*, 927 F.2d at 1167.

However, the Court takes a moment to note Plaintiff's seeming request for guidance in amending her pleading and her explanation that she has failed to comply with Rule 8 at least in part due to her disability.  Moreover, in her response to Kelly's Objections, she repeats her request that the Court "advise how it would like her to proceed in light of the Recommendation and this Reply." (ECF No. 52 at 5.)  Plaintiff has chosen to proceed in this lawsuit *pro se*, and the Court cannot—and will not—act as Plaintiff's advocate, guide her through the process, or tell her how or what to write.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court agrees with the Magistrate

8

Judge's recommendation that "[i]f Plaintiff continues *pro se*, the Court strongly encourages her to avail herself of the available *pro se* resources, such as the Federal *Pro Se* Clinic."  (ECF No. 49 at 10 n.6.)

With respect to Plaintiff's request in her response to Kelly's Objections that the parties be ordered to mediation with the Magistrate Judge (ECF No. 52 at 5), the Court denies her request.  Until the Court determines the nature of Plaintiff's claims and whether they survive Rule 8 and Rule 12, the Court will not require the parties to mediate this action.

**B.     Kelly's Objections**

        1.     *Rooker-Feldman* Doctrine

Defendant Kelly objects to the finding in the Recommendation that the *Rooker-Feldman* doctrine is inapplicable because the underlying state court action is not yet final.  (ECF No. 51 at 5.)  She argues that all of Plaintiff's claimed injuries arise out of the bench warrant issued for her arrest and her resulting detainment and cites portions of the Complaint seeking monetary damages for certain actions.  (*Id.*)  Further, she contends that if this Court or a federal jury were to award damages arising out of Plaintiff's pretrial detention, then they would inevitably be determining that the state court erred in issuing a bench warrant under the facts and circumstances of the state criminal proceeding, which is exactly the type of federal review of a state judgment prohibited by the *Rooker-Feldman* doctrine.  (*Id.* at 6.)

Defendant Kelly emphasizes that the Recommendation does not specify why the Magistrate Judge found that the action at issue was not final.  (*Id.*)  Moreover, although Plaintiff appealed her guilty plea to felony theft and her corresponding sentence to the Colorado Court of Appeals, Defendant Kelly argues that any appellate court action on

9

those appeals will not change the original arrest warrant. (*Id.* at 6–7.) According to Defendant Kelly, if Plaintiff's lawsuit is *really* about her plea or sentencing, then *Younger* abstention would apply. (*Id.* at 7.)

The Court agrees with Defendant Kelly that this case very likely implicates the *Rooker-Feldman* doctrine and possibly even *Younger* abstention. However, because the thrust of the Recommendation is that the Court cannot yet understand the reason Plaintiff has even brought this action, what her claims are, what violations have occurred, what actions Defendants took, among other things, this Court agrees that it cannot determine at this juncture that the *Rooker-Feldman* doctrine applies. Therefore, although the Court overrules Defendant Kelly's objections on this point at this time, Defendant Kelly is entitled to raise this argument again later in this litigation, if appropriate.

2. <u>Defendants' Purported Obfuscation</u>

In her Objections, Defendant Kelly objects to the Magistrate Judge's finding of obfuscation to the extent it applies to her own briefing. (ECF No. 51 at 7.) Specifically, she identifies language in her brief that states that Plaintiff "did not appear in person for the November 2 hearing, and the Court issued a new bench warrant for Cohen's arrest." (*Id.* at 7–8.) Accordingly, Defendant Kelly argues that her briefing to the Court was clear and specified that Plaintiff did not appear "in person," and as a result, she contends the finding that Defendants obfuscated Plaintiff's WebEx appearance is unsupported and should not have raised questions about Defendants' duty of candor. (*Id.* at 8.)

Plaintiff's response to the Objections primarily concerns Defendant Hartman's actions and is not relevant to Defendant Kelly's Objections. (ECF No. 52 at 4.)

10

The Court agrees with Defendant Kelly and finds that the quoted portions of Defendant Kelly's brief demonstrate that she sufficiently parsed the issue as to whether Plaintiff appeared *in person*. Accordingly, Defendant Kelly's objection concerning obfuscation is sustained, and that portion of the Recommendation which questions Defendant Kelly's compliance with her duty of candor to the Court is overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 49) is ADOPTED IN PART AND REJECTED IN PART;

2. Plaintiff's Objections (ECF No. 50) are OVERRULED;

3. Defendant Kelly's Objections (ECF No. 51) are OVERRULED IN PART AND SUSTAINED IN PART;

4. Defendant Hartman's Twentieth Judicial District's Motion to Dismiss or in the Alternative for a More Definite Statement (ECF No. 26) is GRANTED IN PART AND DENIED IN PART, to the extent that Defendant Hartman's request for a more definite statement is GRANTED and the Motion to Dismiss is otherwise DENIED WITHOUT PREJUDICE;

5. Defendant Kelly's Motion to Dismiss (ECF No. 23) is DENIED WITHOUT PREJUDICE;

6. Defendant Hartman's Motion for Leave to Supplement Motion to Dismiss (ECF No. 42) is DENIED AS MOOT;

7. Defendant Hartman's Twentieth Judicial District's Supplemental Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 44) is DENIED WITHOUT PREJUDICE;

8. If Plaintiff wishes to file an Amended Complaint to cure the defects and deficiencies noted above she may do so by no later than **November 20, 2023**;

9. Defendants shall respond to any Amended Complaint by no later than **December 11, 2023**; and

10. The stay (ECF No. 34) is LIFTED.

Dated this 23rd day of October, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge