IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0773-WJM-SKC

EMILY COHEN,

    Plaintiff,

v.

ANDREW HARTMAN, in his official capacity, and
ANNE KELLY, in her official capacity,

    Defendants.

---

### ORDER DENYING PLAINTIFF'S SECOND
### EMERGENCY MOTION FOR INJUNCTION

---

Before the Court is *pro se* Plaintiff Emily Cohen's Second Emergency Motion for Injunction ("Motion"), filed on November 13, 2023 (ECF No. 57).[1] Defendant Anne Kelly, in her official capacity, filed an expedited response at the Court's request. (ECF No. 61.) Defendant Andrew Hartman, in his official capacity, also filed an expedited response at the Court's request.[2] (ECF No. 62.) No reply was permitted. Having

---

[1] Typically, the Court would construe a *pro se* party's filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, as a disbarred, formerly licensed attorney, Plaintiff is not afforded liberal construction of her pleadings. *See e.g., Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 625 (10th Cir. 2018) (collecting cases where liberal construction not afforded to licensed attorney); *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (disbarred attorney not afforded liberal construction).

[2] Because an official capacity suit is a suit against the agency or state of which the public official is a representative, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 544 (1986), Defendant Hartman explains that the Twentieth Judicial District is the proper defendant. (ECF No. 62 at 1 n.1.)

reviewed the parties' filings, the Court finds that an evidentiary hearing is not necessary to resolve the Motion. For the following reasons, the Motion is denied.

## I. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal. *See Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). A movant must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and (4) that the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012). The last two factors merge when the plaintiff seeks to enjoin the government. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Among the preliminary injunction elements, "a showing of probable irreparable harm is the single most important prerequisite." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted).

Moreover, the Tenth Circuit endorses a heightened standard for "[d]isfavored preliminary injunctions," which do not

> merely preserve the parties' relative positions pending trial. Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win. To get a disfavored injunction, the moving party faces a heavier

---

The Court refers to Defendants Kelly and Hartman together as "Defendants."

In his response, Defendant Hartman also explains that Plaintiff improperly seeks to add new claims and new defendants to this action through her Motion. (*Id.* at 11.) At this juncture of the case, the Court takes these arguments under advisement and notes that Defendants are free to raise this argument in subsequent stages of this litigation. However, because such arguments go beyond what is necessary to resolve this Motion, the Court will not address them in this Order.

2

burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: []he must make a strong showing that these tilt in [his] favor.

*Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citations and internal quotation marks omitted).

## II. BACKGROUND

In its Order directing Defendants to file their expedited responses, the Court also requested that they include a factual background for this litigation, including an explanation of the matter pending against Plaintiff in Boulder County District Court, the November 17, 2023 motions hearing, and the December 4, 2023 trial, among anything else Defendants wished to include.  (ECF No. 58.)  Defendants both provided very thorough and clarifying background sections in their briefs, which the Court appreciates and incorporates by reference herein.  (ECF No. 61 at 3–11; ECF No. 62 2–11.)

## III. ANALYSIS[3]

In her Motion, Plaintiff requests that this Court "issue an emergency injunction ordering Defendants to follow federal law, including to cease denying her right to counsel, to cease denying access to the state courts via its ban on her service dog, and

---

[3] The Court notes that Defendant Hartman raises the issue that the Motion "seeks relief completely untethered to the allegations in the Complaint."  (ECF No. 62 at 11.)  The Complaint, which this Court dismissed without prejudice (ECF No. 56), alleges that Defendants denied Plaintiff accommodations and discriminated and retaliated against her on the basis of her disabilities, all in connection with the theft trial and retrial in Boulder County Case No. 14CR437. (ECF No. 62 at 11 (citing ECF No. 1, ECF No. 26 at 6–7).)  Further, in the Complaint, Plaintiff did not seek permanent injunctive relief.  (ECF No. 1 at 53.)  Accordingly, Defendant Hartman argues that "there is simply nothing in the Complaint that could justify injunctive relief in an *entirely different criminal matter*."  (ECF No. 62 at 12 (emphasis added).)

After the filing of Defendant Hartman's response but before the filing of this Order, on November 19, 2023, Plaintiff filed a 93-page Amended Complaint.  (ECF No. 69.)  Accordingly, the Court acknowledges Defendant Hartman's arguments but addresses Plaintiff's Motion nonetheless.

to cease its refusal to order appointment of counsel." (ECF No. 57 at 15.) Although the factual basis for her requests is almost nowhere to be found in Plaintiff's Motion, the background sections provided by Defendants have clarified these issues sufficiently for the Court to rule.

In November 2021, Plaintiff was charged in Boulder County District Court, Case No. 21CR1982, with three counts of attempt to influence a public servant and three counts of forgery stemming from several allegedly fraudulent submissions to the court concerning an alleged July 2021 COVID-19 diagnosis ("Boulder Criminal Case"). (ECF No. 62 at 5.) The Boulder court set a motions hearing for November 17, 2023, at which Plaintiff states she was "required to file *pro se* criminal defense motions," "which requires an experienced lawyer." (ECF No. 57 at 5.) She also states that trial has been set for December 4, 2023 and that she has been ordered "to appear at it without a lawyer and without her ADA Complaint trained service dog." (*Id.* at 4.)

Because Plaintiff requests that this federal district court intercede in a pending state criminal case, the Court must consider whether *Younger* abstention applies before addressing the merits of her request for an injunction.[4] *Younger v. Harris*, 401 U.S. 37

---

[4] Defendant Kelly invokes three separate doctrines in arguing against the Motion: the Anti-Injunction Act, *Younger* abstention, and the *Rooker-Feldman* doctrine; however, her brief quite unhelpfully fails to meaningfully develop any of these legal arguments. (ECF No. 61 at 11–13.) By contrast, Defendant Hartman only invokes *Younger* abstention. (ECF No. 62.) In any future briefing, the Court directs the parties to be more specific concerning the legal basis for their arguments. Because of the nature of Plaintiff's requests—such as asking this Court to issue an injunction ordering Defendants to "cease denying her right to counsel" and "cease denying access to the state courts via its ban on her service dog—and the fact that she mentions the Anti-Injunction Act, *Younger* abstention, and the *Rooker-Feldman* doctrine, there is a colorable argument that any of these frameworks might apply. (*See* ECF No. 57 at 1, 3, 14, 15.) However, for the following reasons, the Court concludes *Younger* is the most appropriate legal framework to address the requests in Plaintiff's Motion.

First, the Anti-Injunction Act prohibits a federal court from granting an injunction to stay proceedings in a state court "except as expressly authorized by Act of Congress, or where

(1971).

Under *Younger*,

> a federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (quotations omitted). "When *Younger*'s three requirements are met, abstention is mandatory" unless an exception applies. *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).

The exceptions to *Younger* abstention are: "the prosecution was (1) commenced

---

necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has "made clear that the statute imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding" absent one of the enumerated exceptions. *Mitchum v. Foster*, 407 U.S. 225, 228–29 (1972). There are three exceptions to the prohibition in the Anti-Injunction Act that "[a] court of the United States may not grant an injunction to stay proceedings in a State court": (1) Congress "expressly authorized" an injunction, (2) an injunction is "necessary in aid of [the federal court's] jurisdiction," or (3) an injunction is issued "to protect or effectuate [the federal court's] judgments." *Quint v. Vail Resorts, Inc.*, 84 F.4th 918, 925–26 (10th Cir. 2023) (quoting 28 U.S.C. § 2283) (alterations in original).

Here, Plaintiff is not asking this Court to enjoin her pending state criminal matter, and therefore, it appears as though the Anti-Injunction Act is not applicable.

Next, "[g]enerally, the *Rooker-Feldman* doctrine precludes lower federal courts 'from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quoting *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir.2006)). While it appears as though Plaintiff asserts that the state court has issued orders denying her counsel and denying her service dog entry to the courthouse, there is no support for either assertion in her Motion or based on the factual backgrounds Defendants provided. Accordingly, it appears that with respect to this Motion, the *Rooker-Feldman* doctrine is not applicable.

Nevertheless, whether the Court applies *Younger*, the Anti-Injunction Act, or the *Rooker-Feldman* doctrine, the Court determines that Plaintiff is not entitled to the relief she seeks in the Motion.

5

in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Id*. at 1258–59. "*Younger* abstention is jurisdictional." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

The Court finds that all of the requirements for *Younger* abstention are met here. First, there is undoubtedly an ongoing state criminal proceeding, and Plaintiff requests that this Court order the Boulder County District Court to appoint her a lawyer and allow her service dog to enter the courthouse and attend the trial. (ECF No. 57 at 4–6, 15.)

Second, the state court provides an adequate forum to address Plaintiff's ADA claims. As Defendant Hartman points out, "[a]s a threshold matter, Plaintiff fails to demonstrate the state court has refused to provide the relief she requests here." (ECF No. 62 at 14.) With respect to the request for appointed counsel, Plaintiff has not in her court filings provided evidence that the request has been denied, and the record indicates the request is pending. (*Id.* at 15 (citing Ex. M at 5).)

With respect to the request for her dog to accompany her to court, Defendant Kelly underscores the same point, noting that Plaintiff's "allegations concerning her service dog are wholly unfounded," as the District Attorney's Office ("DAO") has not taken any position on the service dog, and Plaintiff has not set forth evidence that the state court or the DAO have taken any action to deny access to her service dog. (ECF No. 61 at 12 (citing Exs. CC, MM).) Rather, the state court instructed Plaintiff on the court's administrative process to request a reasonable accommodation, including a request to be accompanied by her service dog at trial. (*Id.*) Defendant Hartman explains that the record shows that the request has been approved, and the dog may

accompany Plaintiff to trial, "with the simple caveat that Plaintiff may have to answer two questions upon entry to the building: (1) Do you have a disability that requires a service animal? (2) What task or work is the animal trained to do for you?" (ECF No. 62 at 14 (citing Ex. M at 5).) Thus, the actions Plaintiff seeks to enjoin have not even occurred. *See Kralicek v. Bd. of Cnty. Comm'rs Rio Blanco Cnty.*, 2006 WL 8454339, at *3 (D. Colo. Jan. 11, 2006) (applying *Younger* abstention where the state court had not yet decided to deny the requested relief).

Moreover, assuming for purposes of the Motion that Plaintiff's request for counsel or accompaniment of her service dog have in fact been denied, it remains the fact that Colorado state courts provide adequate review of Plaintiff's accommodation requests. *See Winn*, 945 F.3d at 1258. Defendant Hartman emphasizes that the record shows that a process exists for the requests, which process has either been completed or is in progress. (ECF No. 62 at 15.) Moreover, if either request were denied, Plaintiff could submit a grievance seeking review of the request. (*Id.* (citing Ex. O (ADA Grievance Procedure)).) Plaintiff is free to raise both ineffective assistance of counsel and failure to accommodate arguments in the state courts on appeal if convicted.

Similarly, Plaintiff may bring ADA claims based on her current allegations in state court. *Makeen v. Colorado*, 2016 WL 8470186, at *6 (D. Colo. Sept. 16, 2016) (applying *Younger* abstention to failure to accommodate claims because state courts have concurrent jurisdiction over such claims). Thus, Plaintiff has an adequate state forum for her claims.

Third, for *Younger* abstention purposes, "state criminal proceedings are . . . 'a traditional area of state concern,'" to which *Younger* absolutely applies. *Winn*, 945 F.3d

7

at 1258. Accordingly, because all three requirements are met, abstention is mandatory, unless Plaintiff can establish an exception applies.

The Court has carefully considered each *Younger* exception, and for the reasons thoroughly explained in Defendants' briefs (ECF No. 61 at 11–12; ECF No. 62 at 16–19), concludes that Plaintiff has not shown that any exception to the doctrine applies. *See Van Romburgh v. Nationstar Mortg. LLC*, 2019 WL 4643654, at *3 (D. Colo. July 26, 2019) (denying emergency *ex parte* motion for temporary restraining order and preliminary injunction on the basis that the Anti-Injunction Act and *Younger* abstention apply). Therefore, because *Younger* abstention is jurisdictional, the Court cannot reach the merits of the request for an injunction and denies the Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Second Emergency Motion for Injunction (ECF No. 57) is DENIED.[5]

Dated this 20th day of November, 2023.

BY THE COURT:

William J. Martínez
Senior United States District Judge

---

[5] On November 19, 2023, Plaintiff filed an Amended Complaint. (ECF No. 69.) Upon review, the Court finds that it does not change the decision to deny the relief requested in Plaintiff's Motion.

8