IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge James P. O'Hara**

Civil Action No. 22-cv-00773-WJM-JPO

EMILY COHEN,

     Plaintiff,

v.

ANDREW HARTMAN, in his official capacity, and
ANNE KELLY, in her official capacity,

     Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on Defendant Anne Kelly's Motion to Dismiss the

Amended Complaint (Doc. No. 79) and Defendant Hartman's Twentieth Judicial District's

Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc.

No. 81) (collectively, the "Motions").[1] *Pro se*[2] Plaintiff filed a response[3] to the Motions

(["Response"], Doc. No. 95), to which each Defendant has replied (Doc. No. 97; Doc. No. 96.).

After review of the docket, Amended Complaint, Motions, and related briefing, the Court

**RECOMMENDS** that the Motions be **GRANTED** and Plaintiff's claims be **dismissed with**

**prejudice**.

## BACKGROUND

### I.    Overview of the Criminal Proceedings Against Plaintiff

---

[1] In her Amended Complaint, Plaintiff has amended the caption such that Defendant Hartman and Kelly's "successors" are also named as Defendants in their official capacity. (Doc. No. 69.) The docket does not indicate these individuals have been served. However, because an official capacity suit is a suit against the agency or state of which the public official is a representative, for the sake of clarity, the Court will refer to Defendant Hartman and his successors as the "Twentieth Judicial District" and Defendant Kelly and her successors as the "District Attorney." *See Kentucky v. Graham*, 473 U.S. 159, 167, n. 14, (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

[2] As Judge Martinez noted in an earlier Order in this matter, "[t]ypically, the Court would construe a *pro se* party's filings liberally. However, as a disbarred, formerly licensed attorney, Plaintiff is not afforded liberal construction of her pleadings." (Doc. No. 70 at n. 1 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 625 (10th Cir. 2018) (collecting cases where liberal construction not afforded to licensed attorney); *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (disbarred attorney not afforded liberal construction)).)

[3] In her Response, Plaintiff claims she "can't read [Defendants'] motions" due to her dyslexia and further states that she has "not received [the Motions] in an accessible format that she can read, or in an unlocked format that she can have converted into an accessible format." (Doc. No. 95 at 2.) Plaintiff nevertheless makes substantive legal arguments in her Response, which was filed using "OpenDyslexic font." (*See id.* at 6–14.) The Court is perplexed by Plaintiff's claim. While the Court does not dispute that Plaintiff lives with dyslexia, it notes that this appears to be the first time Plaintiff has raised this type of concern in the over two years this case has existed. Moreover, Plaintiff has made countless filings using "standard," non-accessible fonts, including her Amended Complaint and responses to previous motions to dismiss.

This case arises out of criminal proceedings against Plaintiff in Boulder County District Court. *See People v. Cohen*, Case No. 2014CR437; *People v. Cohen*, Case No. 2021CR1982. After reviewing Defendants' Motions, previous filings in this case, and a Colorado Court of Appeals decision connected to Plaintiff's criminal matters, to the best of the Court's knowledge, the factual background underlying this case goes as follows:

In 2015, Plaintiff was convicted of thirteen counts of theft in connection with her work as an immigration attorney. (Doc. No. 79 at 2 (citing *People v. Cohen*, 369 P.3d 289, 291 (Colo. O.P.D.J. 2016)); *see People v. Cohen*, Case No. 2014CR437. She was sentenced to six years of incarceration. (*Id.*) However, in 2019, the Colorado Court of Appeals reversed Plaintiff's conviction due to an evidentiary error, remanding the case for a new trial. *See People v. Cohen*, 440 P.3d 1256 (Colo. Ct. App. 2019).

Various delays plagued the proceeding following remand. Most notably, though she was ordered to appear in person, Plaintiff, who was living in Iowa at the time, appeared at status conferences on July 9 and 14, 2021, by video feed. (Doc. No. 79 at 2–3; Doc. No. 79-2; Doc. No. 79-3.) Due to her failure to appear in person, the trial court issued a warrant for Plaintiff's arrest following the July 14 conference. (Doc. No. 79-3.) The warrant was quashed, however, after the Plaintiff's attorney submitted a motion indicating the Plaintiff tested positive for COVID-19 on July 13, 2021. (Doc. No. 79-4.)

The trial court set another in-person status conference for November 2, 2021. (Doc. No. 79-1 at ¶ 23.) However, on November 1, 2021, Plaintiff, who was no longer represented by counsel, submitted a motion stating she planned to attend the conference by video due to another positive COVID-19 test. (Doc. No. 79-5 at ¶ 5.) Plaintiff attached a letter on the University of

3

Iowa Hospitals & Clinic's letterhead indicating she had tested positive for COVID-19 on October 28, 2021. (Doc. No. 79-5 at 13.) However, when the District Attorney's Office contacted the clinic, it was informed that the clinic had not generated the letter submitted by Plaintiff. (Doc. No. 79-1 at ¶ 25; Doc. No. 26-8.) After Plaintiff failed to appear in person for the November 2, 2021, conference, a new bench warrant was issued. (Doc. No. 26-7.) Plaintiff was arrested by Iowa City Police and placed in Johnson County jail later the same day. (Doc. No. 79-5 at ¶¶ 29–30.)

After initially fighting extradition, Plaintiff waived her challenge on November 23, 2021. (Doc. No. 79-6.) On December 6, 2021, Plaintiff pled guilty to one count of felony theft. (Doc. No. 79-7; Doc. No. 79-8.) Plaintiff was sentenced to 90 days in jail, 90 days credit for time served. (Doc. No. 79-8.) Plaintiff then appealed, and her appeal is pending. (Doc. No. 43-1; Doc. No. 79-9.)

In November 2021, the District Attorney's Office filed new criminal charges against Plaintiff in connection with her allegedly forged doctor's note from the University of Iowa. *See People v. Cohen*, Case No. 2021CR1982. That proceeding was significantly delayed due to issues surrounding Plaintiff's legal representation. (Doc. No. 61 at 5–10 (describing Plaintiff's consistent disagreements with appointed and hired counsel, noting that Plaintiff was represented by five different attorneys during the proceeding—four of which withdrew due to "irreconcilable conflicts"—and discussing the trial court's denial of another request for another court-appointed counsel (citing various state court documents)).) On December 4, 2023, Plaintiff pled guilty to a single count of Forgery. (Doc. No. 79-10.) She has since appealed. (Doc. No. 79-12.)

## II.    Procedural History

In this lawsuit, Plaintiff claims Defendants committed various violations of the

Americans with Disabilities Act in connection with the criminal proceedings against her. (*See*

*generally* Doc. Nos. 1; 69.)

On July 31, 2023, then-Magistrate Judge Crews recommended Plaintiff's original

complaint be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8's "short

and plain statement" requirement. (Doc. No. 49.) In his Recommendation, Magistrate Judge

Crews found

> the Court cannot understand the Complaint's allegations and the story of liability
> they attempt to tell. Moreover, discerning the factual allegations from the
> Complaint is difficult. The Complaint is 49 pages of largely single-spaced text; it
> contains 349 numbered paragraphs containing purported "factual allegations," but
> many of which instead contain legal argument and legal authority. And many of
> the "factual allegations" are conclusory, inappropriate for a complaint, or are legal
> argument better suited to motions.

(Doc. No. 49 at 6 (internal citations omitted); *see* Doc. No. 56 at 3.) Magistrate Judge Crews

recommended Plaintiff be allowed to amend her complaint, but noted that

> Plaintiff should draft her amended complaint without any legal argument. She
> should make allegations of fact (not conclusory statements). And she should make
> sure that Defendants and the Court know "what each defendant did to [her]; when
> the defendant did it; how the defendant's action harmed [her], and, what specific
> legal right the plaintiff believes the defendant violated."

(*Id.* at 10 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007); *see* Doc. No. 56 at 4).)

On October 23, 2023, Judge Martinez accepted Magistrate Judge Crews'

Recommendation in part, ordering Plaintiff to file an amended complaint "cur[ing] the defects

and deficiencies noted," by November 20, 2023. (Doc. No. 56.) Plaintiff filed the instant

Amended Complaint on November 19, 2023. (Doc. No. 69.) That filing is the operative

Complaint and the subject of Defendants Motions.[4]

**LEGAL STANDARD**

**I.      Federal Rule of Civil Procedure 8(a)**

Fed.R.Civ.P. 8(a) provides that a complaint "must contain (1) a short and plain statement

of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing

that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed.R.Civ.P. 8(a).

Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*,

425 F.3d 836, 840 (10th Cir. 2005); s*ee also Nasious*, 492 F.3d at 1163 (stating that a complaint

"must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated"). "[P]rolix, vague, or unintelligible pleadings violate the requirements of

Rule 8" and may be subject to dismissal. *Hayner v. Heavy, Inc.*, No. 23-CV-00197-LTB-KLM,

2023 WL 9232945, at *2 (D. Colo. June 12, 2023), r*eport and recommendation adopted*, No. 23-

CV-00197-LTB-KLM, 2023 WL 9232958 (D. Colo. July 7, 2023).

---

[4] Defendants make various substantive legal arguments in their motions, including that the *Rooker-Feldman* doctrine bars Plaintiff's claims and they are immune from Plaintiff's claims under the Eleventh Amendment. (Doc. Nos. 79; 81.) However, because the Court finds the Amended Complaint fails to comply with Federal Rule of Civil Procedure 8 and the presiding judge's orders, the Court declines to reach these arguments. (*See also* Doc. No. 79 at 5–6 (Defendant Kelly arguing the Amended Complaint fails to comply with Rule 8).)

6

## II.    Federal Rule of Civil Procedure 41(b)

Pursuant to Federal Rule of Civil Procedure 41(b) "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders." *Montoya v. Colo. Dep't of Corr.*, No. 20-cv-03345-NYW-STV, 2022 WL 17536170, at *2 (D. Colo. Dec. 8, 2022). Courts consider the five *Ehrenhaus v. Reynolds* factors when determining whether to dismiss a case under Rule 41(b): "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant, ... (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, ... and (5) the efficacy of lesser sanctions." 965 F.2d 916, 921 (10th Cir. 1992) (quotations and alterations omitted); *see Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (directing courts to apply *Ehrenhaus* factors in contact of in Rule 41(b) involuntary dismissals). Rule 41(b) dismissal "operates as an adjudication on the merits," thus, dismissal is with prejudice, unless "the dismissal order states otherwise." Fed. R. Civ. P. 41(b); 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 2372 (4th ed. 2023). *But see Ehrenhaus*, 965 F.2d at 920 (saying dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort").

## ANALYSIS

Despite the explicit directions contained in Magistrate Judge Crews' Recommendation and Judge Martinez's Order, Plaintiff's Amended Complaint bears a striking resemblance to her original complaint. (*Compare* Doc. No. 1, *with* Doc. No. 69.) As earlier indicated, the original complaint was *single-spaced* and had 349 numbered paragraphs spread over 49 pages.  The

Amended Complaint comprises 347 *double-spaced* numbered paragraphs and spans 92 pages. (Doc. No. 69.) A large majority of the Amended Complaint appears identical and directly lifted from Plaintiff's original complaint (*compare, e.g.*, Doc. No. 1 at ¶¶ 43, 125, 187, 290 *with*, Doc. No. 69 at ¶ 58, 130, 184, 260 (showing a small sampling of identical paragraphs in each document)). In fact, the first paragraph of the Amended Complaint says Plaintiff "incorporates by reference and restates below the Original Complaint." (Doc. No. 69 at ¶ 1.)

The Court conducted a line-by-line review of the Amended Complaint in comparison with the initial complaint. Although certain minor changes and edits can be found in various places, the Court did not identify any material differences in the factual allegations or the structure of the Amended Complaint as compared to the initial complaint. Indeed, the only significant difference in the Amended Complaint are the addition of paragraphs one through twenty one, in which Plaintiff recounts the procedural history of this case and airs grievances over the court's rulings. (Doc. No. 69 at ¶¶ 1–21.)

As in the initial complaint, most of these paragraphs, likely the majority, are primarily or exclusively made up of legal argument and authority rather than factual allegations. (*See generally* Doc. No. 69.) Moreover, also as with the initial complaint, the factual allegations that *can* be found in the Amended Complaint are an unorganized and often repetitive stream-of-consciousness that is difficult to follow or understand. (*Id.*) In short, Plaintiff's Amended Complaint does not comply with Rule 8, nor with Judge Martinez's order to "cure the defects and deficiencies noted" by Magistrate Judge Crews. (Doc. No. 56); *see* Fed. R. Civ. P. 8. Accordingly, the Court turns to the *Ehrenhaus* factors to determine an appropriate sanction.

The Court readily finds the first two *Ehrenhaus* factors are met. Defendants have been prejudiced by having to respond to "wordy and unwieldy" pleadings, which the Tenth Circuit has long recognized as prejudicial. *Nasious*, 492 F.3d at 1162–63. Further, though this case has been pending for over two years, it is still in its metaphorical infancy, requiring Defendants to expend a not-insignificant amount of public resources on litigation costs for little advancement in the litigation. *See Montoya*, 2022 WL 17536170, at *4 ("While the common obligations of litigation cannot typically be deemed prejudicial, 'the Court finds that Defendants have incurred prejudice in the form of additional time and expense they would not have otherwise incurred.'" (quoting *Session v. Carson*, No. 18-cv-00239-PAB-KLM, 2020 WL 6450444, at *4 (D. Colo. Nov. 3, 2020), *report and recommendation adopted*, 2022 WL 2763462 (D. Colo. July 15, 2022)). Moreover, the Tenth Circuit has "observed the disadvantages to the administration of justice imposed in circumstances" where judges have the task of "measuring legal pleadings against certain criteria in Rule 12(b)," which is made "immeasurably more difficult" when the pleadings, are "rambling" or otherwise "incomprehensible." *Id.* These factors weigh in favor of dismissal with prejudice.

"The third and fourth *Ehrenhaus* factors—notice by the court and culpability of the litigant—can be viewed as the opposite sides of the same coin, 'for the culpability of a *pro se* litigant for filing a still-prolix amended complaint depends in great measure on the usefulness of the notice he or she has received from the court about what is (and is not) expected in an initial pleading.'" *Matios v. City of Loveland*, No. 23-CV-01844-WPJ, 2024 WL 896758, at *13 (D. Colo. Mar. 1, 2024) (quoting *Nasious*, 492 F.3d at 1163). Here, there is no doubt Plaintiff received detailed notice of her initial complaint's shortcomings. As discussed above, Magistrate

9

Judge Crews advised Plaintiff her Amended Complaint needed to refrain from including legal arguments in favor of non-conclusory factual allegations that identified "what each defendant did to [her]; when the defendant did it; how the defendant's action harmed [her], and, what specific legal right the plaintiff believes the defendant violated." (Doc. No. 49 at 10 (quoting *Nasious*, 492 F.3d at 1163).) Plaintiff cannot reasonably say she lacked specific knowledge of the initial complaint's shortcomings. Accordingly, there is no doubt she is culpable for her failure to file a non-defective amended complaint. *See Nasious*, 92 F.3d at 1163 ("[T]he culpability of a *pro se* litigant for filing a still-prolix amended complaint depends in great measure on the usefulness of the notice he or she has received from the court about what is (and is not) expected in an initial pleading."). These factors weigh in favor of dismissal with prejudice.

The Court notes that it does not appear Plaintiff was expressly advised that a failure to file an adequate amended complaint could result in dismissal with prejudice. (*See, e.g.*, Doc. No. 56.) However, given that Plaintiff was formerly an attorney, and given that at least one other case filed by Plaintiff was subject to dismissal with prejudice (*see Cohen v. Roth Law LLC*, 21-cv-01568-RMR-SBP), the Court finds Plaintiff had constructive notice her claims could be dismissed with prejudice if she failed to follow court orders. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149–50 (10th Cir. 2007) (notice is not a prerequisite for dismissal under *Ehrenhaus* and constructive notice—notice without express warning and objectively based on the totality of the circumstances—is sufficient); *Gross v. General Motors LLC*, 441 Fed. App'x 562, 565 (10th Cir. 2011) (constructive notice is sufficient to satisfy the notice element of the *Ehrenhaus* factors).

10

Finally, the Court the Court does not believe a sanction less severe than dismissal with prejudice would be efficacious. Put simply, after her initial complaint was dismissed without prejudice, Plaintiff took essentially no steps to remedy defects that were explicitly pointed out to her. The Court thus lacks reason to believe another dismissal without prejudice, and likely filing of a new complaint, would result in a different outcome. This factor weighs in favor of dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant Kelly's Motion to Dismiss the Amended Complaint (Doc. No. 79) and the Twentieth Judicial District's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. No. 81) be **GRANTED** and Plaintiff's claims be **dismissed with prejudice**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations

11

and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of May, 2024.

s/ James P. O'Hara

_____
James P. O'Hara
U.S. Magistrate Judge