**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0773-WJM-JPO

EMILY COHEN,

    Plaintiff,

v.

ANDREW HARTMAN, in his official capacity, and
ANNE KELLY, in her official capacity,

    Defendants.

**ORDER ADOPTING THE MAY 28, 2024 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the May 28, 2024 Recommendation by U.S. Magistrate Judge James P. O'Hara (the "Recommendation") (ECF No. 99) that the Court: grant Defendant Andrew Hartman's Twentieth Judicial District's Motion to Dismiss (ECF No. 79); grant Defendant Anne Kelly's Motion to Dismiss (ECF No. 81); and dismiss this case with prejudice. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff Emily Cohen, proceeding *pro se*, filed Objections to the Recommendation of the United States Magistrate Judge ("Objections"). (ECF No. 107.) Defendants filed responses to Plaintiff's Objections.[1] (ECF Nos. 108, 109.)

Also before the Court is Plaintiff's Motion for Appointment of Counsel, Especially

---

[1] Plaintiff filed a reply to Defendants' responses (ECF No. 110), but the Court struck her reply because the undersigned's Revised Practice Standard III.I.2 clearly states "In conformity with Rule 72, no reply in support of an objection made under either Rule 72(a) or Rule 72(b) will be accepted." (ECF No. 111.)

Pursuant to 42 USC 2000a3(a) (ECF No. 106.)  Defendants take no position on this motion.

For the reasons set forth below, Plaintiff's Objections are overruled, the Recommendation is adopted, and Plaintiff's Motion for Appointment of Counsel is denied as moot.

## I. BACKGROUND

On October 23, 2023, the undersigned adopted then-United States Magistrate Judge S. Kato Crews's recommendation that Plaintiff be permitted to amend her complaint to correct numerous Federal Rule of Civil Procedure 8 deficiencies.  (ECF No. 56.)  On November 19, 2023, Plaintiff filed her 93-page, 347-paragraph Amended Complaint.  (ECF No. 69.)

Judge O'Hara included detailed background and procedural history sections in the Recommendation currently under consideration, which the Court incorporates herein by reference.  (ECF No. 99 at 1–6.)

## II. RECOMMENDATION

**A.    Amended Complaint**

In the Recommendation, the Magistrate Judge explains that despite Judge Crews's and the undersigned's directions that she amend her pleading to comply with Rule 8, "Plaintiff's Amended Complaint bears a striking resemblance to her original complaint."  (ECF No. 99 at 7.)  Remarkably, he observes that a "large majority of [it] appears identical and directly lifted from Plaintiff's original complaint."  (*Id.* at 8.)  In a thorough fashion, the Magistrate Judge reviewed the Amended Complaint "line-by-line" and concluded that although Plaintiff made some "minor changes," he "did not identify any material differences in the factual allegations or the structure of the Amended

2

Complaint as compared to the initial complaint." (*Id.*) In fact, the only significant difference in the latest iteration is twenty paragraphs recounting the procedural history of the case, where Plaintiff "airs grievances over the court's rulings." (*Id.*) Like Plaintiff's initial complaint, the Amended Complaint contains primarily legal argument and authority, not factual allegations. (*Id.*) The factual allegations are "unorganized and often repetitive stream-of-consciousness that is difficult to follow or understand." (*Id.*) In sum, the Magistrate Judge found that the Amended Complaint "does not comply with Rule 8, nor [the undersigned's] order to 'cure the defects and deficiencies noted' by Magistrate Judge Crews." (*Id.*)

**B.    *Ehrenhaus* Factors**

The Magistrate Judge considered the five *Ehrenhaus v. Reynolds* factors when determining whether to dismiss this case under Rule 41(b): "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions."  965 F.2d 916, 921 (10th Cir. 1992) (quotations and alterations omitted).

The Magistrate Judge "readily" found that the first two factors were met because Defendants were prejudiced by having to respond to "wordy and unwieldy pleadings, which the Tenth Circuit has long recognized as prejudicial." (ECF No. 99 at 9 (quotation marks omitted).) Additionally, despite the fact that this case is over two years old, he noted that it is "still in its metaphorical infancy, requiring Defendants to expend a not-insignificant amount of public resources on litigation costs for little advancement in the litigation." (*Id.*)

3

With respect to the third and fourth factors, the Magistrate Judge found "there is no doubt Plaintiff received detailed notice of her initial complaint's shortcomings" and described Judge Crews's explanation of her complaint's deficiencies. (*Id.* at 9–10.) Accordingly, he concluded that Plaintiff is "culpable for her failure to file a non-defective amended complaint." (*Id.* at 10.) Further, while it does not appear that Plaintiff was "expressly advised" that her failure to file a proper amended complaint might result in dismissal with prejudice, the Magistrate Judge found that "given that Plaintiff was formerly an attorney, and given that at least one other case filed by Plaintiff was subject to dismissal with prejudice (*see Cohen v. Roth Law LLC*, 21-cv-01568-RMR-SBP)," "Plaintiff had constructive notice her claims could be dismissed with prejudice if she failed to follow court orders." (*Id.*)

Finally, the Magistrate Judge recommended that dismissal with prejudice was the appropriate sanction, explaining that a less severe sanction would not be "efficacious." (*Id.* at 11.) He found that Plaintiff took "essentially no steps to remedy defects that were explicitly pointed out to her" and that there was no reason to believe a second amended complaint would result in a different outcome. (*Id.*)

Thus, the Magistrate Judge found that all of the *Ehrenhaus* factors weighed in favor of dismissal with prejudice and recommended that the undersigned grant both Defendants' motions to dismiss and dismiss Plaintiff's claims with prejudice. (*Id.*)

### III. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly

4

objected to." Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## IV. ANALYSIS[2]

Plaintiff objects to the Magistrate Judge's analysis and recommendations regarding of all of the *Ehrenhaus* factors.  (ECF No. 107.)  As no one disputes that Plaintiff's objections are specific and timely, the Court reviews them *de novo*.

### A.   Prejudice

With respect to factor one, Plaintiff argues that Defendants have not been prejudiced because, in her view, they have exerted relatively little time and resources in responding to this lawsuit.  (ECF No. 107 at 2.)  This objection is a non-starter.  Defendants point out the significant expenditure of time and attorneys' fees they have

---

[2] Because the Court dismisses Plaintiff's claims with prejudice, it need not substantively address her motion for appointment of counsel and denies it as moot.

5

incurred because of Plaintiff's failure to comply with the Court's Order to amend her pleading to comply with Rule 8, her filing of two preliminary injunction motions, and her appeals to the Tenth Circuit following their denial.[3]  (ECF No. 108 at 7–8; ECF No. 109 at 4.)  Moreover, the Tenth Circuit has explicitly recognized that "defendants are prejudiced by having to respond to pleadings as wordy and unwieldy as [the plaintiff's] pleading remains."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).  Both of Plaintiff's complaints have been dozens of pages and hundreds of paragraphs long—the epitome of wordy and unwieldy.[4]  Therefore, the Court overrules this objection.

---

[3] "The Tenth Circuit[] . . . makes clear that a notice of interlocutory appeal divests the district court of jurisdiction over an entire action only when three criteria have been met: (1) the notice is timely filed; (2) the interlocutory appeal is proper; and (3) the appeal is of an issue that relates to the entire action."  *Coomer v. Make Your Life Epic LLC*, 671 F. Supp. 3d 1222, 1227 (D. Colo. 2023).

One of Plaintiff's appeals has been dismissed for lack of prosecution.  (ECF No. 92.)  Plaintiff's other appeal remains pending.  (ECF No. 77.)  The second of Plaintiff's appeals has an odd procedural posture.  Plaintiff filed her Notice of Appeal, appealing this Court's denial of her Second Emergency Motion for Injunction (ECF No. 67), before the Court even issued its order (ECF No. 70).  Therefore, the Court questions whether the Notice of Appeal was timely filed.  Then, she appears to have filed another Notice of Appeal the same day the Court issued its Order.  (ECF No. 72.)  Regardless, the appeal is not of an issue that relates to the entire action pending before this Court.  Plaintiff appealed (apparently twice) the Court's denial of an injunction related to Defendants' actions in a state court proceeding.  (ECF No. 70 at 3–4 ("Plaintiff requests that this Court 'issue an emergency injunction ordering Defendants to follow federal law, including to cease denying her right to counsel, to cease denying access to the state courts via its ban on her service dog, and to cease its refusal to order appointment of counsel.").)  The Court denied the injunction based on *Younger* abstention.  (*Id.* at 4–8.)

The Magistrate Judge did not address the issue of Plaintiff's pending appeal in the Recommendation.  (ECF No. 99.)  Further, no party has argued that this Court cannot rule on the Recommendation because Plaintiff's appeal of the denial of the injunction remains pending.  (ECF Nos. 107–09.)  Given that Plaintiff's pending appeal does not pertain to an issue related to *this* entire action—to wit, it does not pertain to this action at all, but to a state court proceeding—the Court determines that it has jurisdiction to rule on the pending Recommendation.  *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("a federal court always has jurisdiction to determine its own jurisdiction").

[4] In fact, Defendant Hartman points out that "Plaintiff expressly incorporated every

6

### B. Interference with the Judicial Process

With respect to the second factor, Plaintiff asserts that the "amount of interference with the judicial process has not been anything out of the ordinary, especially considering your[5] pro se status . . . ." (*Id.* at 2.)  Thus, Plaintiff admits to at least some interference with the judicial process.  Plaintiff includes a lengthy section in the Objections explaining why the Federal Pro Se Clinic believes her amended complaint is not subject to summary dismissal.  (*Id.* at 2–3.)  She argues that "to dismiss ADA claims as a sanction against a plaintiff who has documented and undisputed executive function impairment due to disability, diagnosed dyslexia which impairs ability to read and process what is read, as well as the ability to write succinctly, and processing delays for not doing the very things that her undisputed disability prevents her from doing—would be impermissible, as disability is not 'willful.'" (*Id.* at 3.)  Plaintiff states in a conclusory manner that her pleading has passed then-United States Magistrate Judge Gordon P. Gallagher's review and it is "undisputed" that she has alleged valid ADA claims.  (*Id.*)  Despite Plaintiff's protestations, the fact remains that she did not cure her original complaint's deficiencies in the Amended Complaint.  By failing to comply with this Court's clear directions, Plaintiff has interfered with the judicial process.

---

paragraph of her original complaint into the Amended Complaint.  ECF No. 69, ¶ 1.  Thus, her Amended Complaint is actually 141 pages and almost 700 paragraphs long."  (ECF No. 109 at 5 n.2.)

[5] Plaintiff's Objections appear in large part as though someone else wrote them.  The Objections use language such as "your pro se status," as opposed to "my pro se status," liberal use of the third person, such as "When Plaintiff filed the amended complaint, she was still in the waiting line to be allowed access to the Federal Pro Se Clinic . . .," among other examples.  (ECF No. 107 at 2.)

## C. Plaintiff's Culpability

Next, Plaintiff takes issue with the Magistrate Judge's characterization of her previous legal work. (*Id.* at 3–4.) The relevance of this objection is unclear; to the extent Plaintiff believes it relates to the third *Ehrenhaus* factor—her culpability in prosecuting this case—the substance of this objection is not relevant and is overruled.

Plaintiff states that the "Federal Pro Se Clinic advises plaintiff that she should not be held culpable because of her disabilities." (ECF No. 107 a 3.) This argument relates to Plaintiff's point raised above, namely that to dismiss plaintiff's case would be impermissible because her disability is not willful. However, as Defendant Kelly emphasizes, "nothing in the Recommendation suggests the [*sic*] Cohen's culpability derives from her disabilities. Instead, the Magistrate Judge cited the detailed instructions for compliance with Rule 8 provided by Magistrate Judge Crews and Judge Martinez, stating that Cohen 'cannot reasonably say she lacked specific knowledge of the initial complaint's shortcomings.'" (ECF No. 108 at 8.)

Additionally, Defendant Hartman highlights that while Plaintiff "claims her alleged disabilities, including dyslexia[], prevent her from correcting the Complaint's deficiencies," "none of [her] alleged disabilities have been litigated, and she has provided no evidence of any actual diagnoses." (ECF No. 109 at 8.) In fact, the Magistrate Judge noted in the Recommendation that Plaintiff did not raise her alleged dyslexia diagnosis until more than two years into the litigation. (ECF No. 99 at 2 n.3.) And Defendant Hartman cites numerous cases—none of which are binding on this court, but all of which are highly persuasive—finding that "disabilities do not relieve a pro se plaintiff of their obligation to comply with basic procedural rules." (ECF No. 109 at 9 (citing *Harbec v. N. Country Hosp. & Health Practices*, 2021 WL 6331842, at *9 (D.

8

Vt. Nov. 17, 2021); *Bernath v. Seavey*, 2017 WL 715133, at *2 n.2 (M.D. Fla. Feb. 23, 2017); *Meacham v. Church*, 2011 WL 117109, at *1 (D. Utah Jan. 13, 2011); see also *Fisher v. Pacheco*, No. 21-8070, 2022 WL 420480, at *2 (10th Cir. Feb. 11, 2022) (denying pro se plaintiff's request for equitable tolling in habeas context founded on claim of mental illness)).)

Further, Plaintiff claims that the Federal Pro Se Clinic staff will help her organize and file new pleadings in this case and will help her prosecute it going forward. (*Id.* at 4–5.) However, the Court already recommended that Plaintiff avail herself of the Federal Pro Se Clinic in its previous Order filed on October 23, 2023. (ECF No. 56 at 9.) Plaintiff had time between that Order and the filing of her Amended Complaint to obtain assistance from the Federal Pro Se Clinic or whatever other resources she liked. But she failed to do so. Instead, she chose to file the operative Amended Complaint, which is almost a carbon copy of the deficient pleading this Court dismissed as violative of Rule 8.

Despite all of Plaintiff's explanations, the Court finds that none of Plaintiff's objections relieve her of her responsibility to file an amended complaint that complies with the Court's orders and Rule 8. Judge Crews and the undersigned provided specific information and direction concerning the shortcomings of her initial complaint. As such, the Court wholeheartedly agrees with the Magistrate Judge's observation that "Plaintiff cannot reasonably say she lacked specific knowledge of the initial complaint's shortcomings," and there is "no doubt she is culpable for her failure to file a non-defective amended complaint." (ECF No. 99 at 10.) Therefore, the Court overrules Plaintiff's Objections concerning the culpability factor.

**D.     Notice that Dismissal With Prejudice Would Be the Likely Sanction**

Plaintiff states that she "received no warning that dismissal with prejudice would be any likely sanction and had no way to anticipate that." (ECF No. 107 at 3.) However, in the very next sentence, Plaintiff reveals that she *did* have an inkling that dismissal with prejudice was a possibility because United Stages Magistrate Judge Susan B. Prose "did that" in another of Plaintiff's cases. (*Id.*)  Additionally, Defendant Kelly points out that Plaintiff is a former attorney and has participated in other litigation that was subject to dismissal with prejudice. (ECF No. 108 at 9 (citing Doc. No. 75, *Cohen v. Roth Law LLD*, No. 21-cv-01568-RMR-SBP (D. Colo. Sept. 13, 2023)).)

The Court concludes that although this factor does not weigh *as heavily* in favor of dismissal with prejudice as the other four factors, it nevertheless weighs in favor of dismissal with prejudice. Plaintiff was aware dismissal with prejudice was a possibility based on her own case being dismissed for the same reasons as here, her prior experience as an attorney, and the fact that she was notified as to what constitutes a Rule 8 compliant complaint by Judge Crews and the undersigned. *See Nasious*, 492 F.3d at 1163 (a court may consider whether a plaintiff was informed as to what constitutes a complaint that complies with Rule 8). Therefore, the Court overrules Plaintiff's Objections on this factor.

**E.     The Efficacy of Lesser Sanctions**

Plaintiff does not address the factor concerning whether lesser sanctions would be effective. (ECF No. 107.) Therefore, the Court reviews the Recommendation on this matter for clear error and finds none. The Magistrate Judge correctly concluded that a sanction less severe than dismissal with prejudice would not be efficacious. (ECF No. 99 at 11.) The Court finds that the Magistrate Judge's conclusion is particularly true

given his correct observation that "after her initial complaint was dismissed without prejudice, Plaintiff took essentially no steps to remedy defects that were explicitly pointed out to her." (*Id.*)

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 99) is ADOPTED;

2. Plaintiff's Objections (ECF No. 107) are OVERRULED;

3. Defendant Kelly's Motion to Dismiss (ECF No. 79) is GRANTED;

4. Defendant Hartman's Twentieth Judicial District's Motion to Dismiss (ECF No. 81) is GRANTED;

5. Plaintiff's Motion for Appointment of Counsel, Especially Pursuant to 42 USC 2000a3(a) (ECF No. 106) is DENIED AS MOOT;

6. This case is DISMISSED WITH PREJUDICE;

7. The Clerk shall enter judgment in favor of Defendants and against Plaintiff; and shall thereafter terminate this action; and

8. The parties shall each bear their own court costs and attorney's fees.

Dated this 3rd day of September, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge